NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| ALBERT FAUST, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 12-4778 (PGS) |
| | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| | : | |
| CHARLES WARREN, | : | |
| | : | |
| Respondent. | : | |
| | : | |

IT APPEARING THAT:

1.   The Clerk received Petitioner's application ("Petition")

seeking a writ of habeas corpus pursuant to 28 U.S.C. §

2254.[1]  See Docket Entry No. 1.

2.   Petitioner was convicted in the Superior Court of New

Jersey, Law Division, on January 8, 1993; his conviction was

affirmed by the Superior Court of New Jersey, Appellate

---

[1] It appears that Petitioner already filed a Section 2254
petition in this District.  See Faust v. Sherrer, 2006 U.S. Dist.
LEXIS 52563 (D.N.J. July 13, 2006).  He, however, challenged his
prior conviction imposed by the Commonwealth of Pennsylvania,
which conviction resulted in a prison term Petitioner served
prior to serving his instant New Jersey sentence.  ("On April 16,
1991 after a six-day bench trial, in the Pennsylvania trial court
petitioner was convicted of rape, indecent assault, attempted
homicide and aggravated assault. . . . Petitioner [also] had been
involved in criminal proceedings in New Jersey.  He was indicted
on November 23, 1988, for drug offenses committed in [New Jersey]
on September 13, 1988."  Id. at *1, 3.)  Therefore, it does not
appear that the Petition at bar is a successive application.

Division ("Appellate Division"), on March 9, 1995, and the Supreme Court of New Jersey denied certification on May 25, 1995.  See id.; see also State v. Faust, 2011 WL 3568589 (N.J. Super. Ct. App. Div. Aug. 16, 2011).  He did not seek certiorari from the Supreme Court of the United States.

3.   Petitioner filed his first application for post-conviction relief ("PCR") in December 1999.  See id.  It was dismissed as untimely under the state law.  See Faust, 2011 WL 3568589, at *1.  Petitioner did not appeal; rather – at a certain later point in time – he filed his second PCR application asserting that his first PCR application was wrongly dismissed as untimely, and that he should have been availed to equitable tolling within the meaning of the state law since his procrastination ensued from excusable neglect. See id.  The state courts disagreed, and his second PCR application was analogously dismissed as untimely by the Law and Appellate Divisions.  See id.  The Supreme Court of New Jersey denied him certification on March 14, 2012.  See State v. Faust, 209 N.J. 597 (2012).  The instant Petition followed.

4.   Petitioner, allegedly, executed his Petition on April 17, 2012, although the Clerk received it only on August 1,

2012.[2]  <u>See</u> Docket Entry No. 1.  The Petition appears

facially untimely.

5.   On April 24, 1996, Congress enacted Anti-Terrorism and

Effective Death Penalty Act ("AEDPA"), which provides that

"[a] 1-year period of limitation shall apply to an

application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court."  28

U.S.C. § 2244(d)(1).  The limitations period starts to run

from "the date on which the judgment became final."  28

U.S.C. § 2244(d)(1).  A state-court criminal judgment

becomes "final" within the meaning of § 2244(d)(1) by the

conclusion of direct review or by the expiration of time for

seeking such review, including the 90-day period for filing

a petition for writ of certiorari in the United States

Supreme Court.  <u>See</u> <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d

Cir. 2000); <u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir.

1999); U.S. Sup. Ct. R. 13.

6.   Here, the Supreme Court of New Jersey denied Petitioner

certification as to his direct appeal on May 25, 1995.

Therefore, his conviction became final ninety days later,

that is, in the middle of August 1995, <u>i.e.</u>, prior to the

---

[2] Solely for the purposes of the analysis at hand, the Court presumes, without making a factual finding to that effect, that Petitioner handed his Petition to his prison officials for mailing to this Court on April 17, 2012, and it took the Post Office almost four months to deliver it.

enactment of the AEDPA.  Federal circuit courts held that

the one-year grace period for petitioners whose convictions

became final prior to the enactment of AEDPA ended on April

24, 1997.[3]  See Patterson v. Stewart, 251 F.3d 1243, 1246

(9th Cir. 2001) (collecting cases).  Thus, the Petition at

bar had to be filed by April 24, 1997; otherwise, it is

time-barred and subject to dismissal unless the limitations

period was statutorily or equitably tolled from April 24,

1997, and until Petitioner's date of handing his Petition to

his prison officials for mailing to this Court.  See Holland

v. Florida, 130 S. Ct. 2549, 2560 (2010) (equitable

tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

7.   Section 2244(d)(2) requires statutory tolling for "[t]he

time during which a properly filed application for State

post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending," 28 U.S.C. §

2244(d)(2), provided that the application to the state court

seeking collateral review was filed during the period of

limitations.  Notably, no statutory tolling ensues from a

litigant's filing of a PCR application if that PCR

---

[3] Although the Third Circuit has noted that "[a]rguably we
should have used April 24, 1997, rather than April 23, 1997, as
the cut-off date," Douglas v. Horn, 359 F.3d 257, 261 n.5 (3d
Cir. Feb.  9, 2004) (citing Fed. R. Civ. P. 6(d)), it appears
that April 23, 1997 is still the cut-off date in this Circuit.
However, this one-day difference is immaterial in this matter.

application was filed after the litigant's AEDPA-based limitations period expired.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).  Here, Petitioner's period of limitations expired on April 24, 1997.  His first PCR application was filed in December 1999, that is, more than two and a half years after his limitations period expired.  Therefore, his PCR filing cannot salvage his Petition.[4]  Hence, unless Petitioner establishes a valid basis for equitable tolling, his Petition is subject to dismissal.

8.    The AEDPA statute of limitations is subject to equitable tolling.  See Holland, 130 S. Ct. 2549,  Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way."  Pace, 125 S. Ct. at 1814 see also Holland, 130 S. Ct. 2549.  The Court of Appeals instructed that equitable tolling could be appropriate only

---

[4] Moreover, since his PCR applications (both, first and second) were deemed untimely under the state law, they could not have triggered the statutory tolling altogether, even during the time they were pending in the state courts.  See Evans v. Chavis, 546 U.S. 189, 191 (2006); Pace v. Diguglielmo, 544 U.S. 408 (2005); Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); Jenkins v. Superintendent of Laurel Highlands,____ F.3d ____, 2013 U.S. App. LEXIS 1004 (3d Cir. 2013).

when "the principles of equity would make the rigid

application of a limitation period unfair, such as when a

state prisoner faces extraordinary circumstances that

prevent him from filing a timely habeas petition and the

prisoner has exercised reasonable diligence in attempting to

investigate and bring his claims."  LaCava v. Kyler, 398

F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S.

Ct. 2549 (same).  Paramount here, the "reasonable diligence"

standard is a much steeper one than the state law standard

allowing equitable tolling for excusable neglect: the facts

showing excusable neglect are insufficient to warrant

equitable tolling for the purposes of federal habeas review.

See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d

Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir.

1999).

9.   Here, Petitioner asserted in the state courts that excusable

neglect prevented him from filing his PCR applications

timely.  This basis is: (a) insufficient in federal fora,

see id.; and, in addition, (b) the state courts ruled that

Petitioner did not establish even an excusable neglect.[5]

---

[5] Federal courts "must presume that the factual findings of
both state trial and appellate courts are correct, a presumption
that can only be overcome on the basis of clear and convincing
evidence to the contrary." Stevens v. Delaware Correctional
Center, 295 F.3d 361, 368 (3d Cir. 2002); accord Cullen v.
Pinholster, 131 S. Ct. 1388, 1398 (2011).

Moreover, the very fact of his filings of the first and
second PCR applications with the state courts show that he
could, had he wished to, file his instant Petition at least
as early as in December 1999.  He, however, procrastinated
<u>more than a dozen years</u> before filing his Petition at bar.
Therefore, this Court has no viable basis to conclude that
Petitioner qualifies for equitable tolling.[6] Hence, his
Petition shall be dismissed as untimely.

10.  However, taking notice of Petitioner's <u>pro</u> <u>se</u> litigant
status, this Court will retain its jurisdiction over this
matter for 120 days so to allow Petitioner an opportunity to
file a motion for reconsideration statinghis facts, if any,
supporting grant of equitable tolling in light of the
guidance provided herein.

13.  The Court denies Petitioner a certificate of appealability,
pursuant to 28 U.S.C. § 2253(c), because jurists of reason
would not find it debatable that the Petition, as drafted,

---

[6] Petitioner submitted an emotional plea for the Court's
assistance.  <u>See</u> Docket Entry No. 2.  The Court is mindful of
Petitioner's emotions.  "However, . . . the mandate of the
Article III judiciary is limited to, and only to, resolution of
'Cases' or 'Controversies.' . . .  No federal judge has a mandate
to act upon their emotions or grant litigants' meritless claims
(even if these claims are stated with great eloquence, emotion or
resort to poetic licence)."  <u>Clauso v. Glover</u>, 2012 U.S. Dist.
LEXIS 139205, at *20-21 (D.N.J. Sept. 26, 2012) (citations
omitted).  Simply put, the courts cannot "just bend the rules"
and ignore the law by finding a time-barred petition timely
because a litigant made an emotional request for assistance.

is subject to dismissal as untimely.  See <u>Slack v. McDaniel</u>,

529 U.S. 473, 483-84 (2000).

IT IS on this 22nd day of February, 2013,

ORDERED that the Petition, Docket Entry No. 1, is dismissed;

and it is further

ORDERED that no certificate of appealability shall issue;

and it is further

ORDERED that the Clerk shall administratively terminate this

matter by making a new and separate entry on the docket reading,

"CIVIL CASE TERMINATED"; and it is further

ORDERED that the Court retains its jurisdiction over this

matter for 120 days; and it is further

ORDERED that, in the event Petitioner has a <u>bona</u> <u>fide</u> belief

that his Petition qualifies for equitable tolling, Petitioner may

state such facts in his motion for reconsideration.  Since

Petitioner is a <u>pro</u> <u>se</u> litigant, this motion need not be a formal

document, and a narrative discussion of Petitioner's facts shall

suffice.[7]  However, these facts shall establish a valid basis for

---

[7] Petitioner must state facts establishing extraordinary
circumstances <u>and</u> reasonable diligence.  Extraordinary
circumstances exist if Respondent has actively misled Petitioner,
or Petitioner was, in some extraordinary way, prevented from
asserting his rights.  <u>See</u> <u>Jones</u>, 195 F.3d at 159. Even where
extraordinary circumstances do exist, "[i]f the person seeking
equitable tolling has not exercised reasonable diligence in
attempting to file after the extraordinary circumstances began,
the link of causation between the extraordinary circumstances and
the failure to file is broken." <u>Brown</u>, 322 F.3d at 773.

equitable tolling under the standard detailed herein and cover

the entire period from April 24, 1997, to the date when

Petitioner handed his Petition to his prison officials for

mailing to this Court (since Petitioner's PCR applications never

triggered any statutory tolling); and it is finally

    ORDERED that the Clerk shall serve a copy of this Order upon

Petitioner by certified mail, return receipt requested.


                                     *s/Peter G. Sheridan*
                                     PETER G. SHERIDAN, U.S.D.J.

February 22, 2013